Russell W. Sarff, Plaintiff-Appellant, *v.* Teachers' Retirement System of the State of Illinois *et al.*, Defendants-Appellees.

(No. 11143;

Fourth District—October 29, 1970.

Giffin, Winning, Lindner, Newkirk & Cohen, of Springfield, (John S. Narmont and James M. Winning, of counsel,) for appellant.

N. E. Hutson of Monticello, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

On administrative review, the trial court affirmed the action of the Teachers' Retirement System in rejecting the plaintiff's application for pension and tendering a refund of the contributions that he had made. The determination of the Retirement System and the affirmance by the court is based on Ill. Rev. Stat. 1967, ch. 108½, par. 16—127, which provides in substance that military service credit in the Teachers' Retirement System shall not be allowed if used for credit in any other statutory tax-supported public employee retirement system. The application of the plaintiff shows on its face that the pension that he is now drawing is "military disability retirement" and an interoffice memo in the Teachers' Retirement System file stated "he has a heart condition which entitled him to a 'military disability pension' ". The holding of the Retirement System and of the trial court is buttressed by an opinion of the Attorney General rendered without knowledge that the plaintiff had had a heart attack and that he had been retired from military service because of physical disability. The opinion, correct on the facts supplied, is of little value in interpreting the statute on retirement in its application to a pension whose catalyst is physical disability.

Plaintiff taught for five years and then entered the military service in

World War II. He made contributions to the Teachers' Retirement System for some twenty years while still in the military service and his final contribution was made for the equivalent of the school year ending in 1963. He had thus made payments as would qualify him for retirement benefits if he had then been of sufficient age to receive them. In July, 1964, he was retired from the Air Force with "military disability retirement". His compensation from the Federal Government is based on disability; his right to retirement pay in the Teachers' Retirement System is based on years of service, contributions and attainment of an eligible age. In this connection, it should be noted that the provisions of our statute in par. 16—127 read as follows:

"＊　＊　＊ All service credits hereinabove described shall be effective only if not used for credit in any other statutory tax-supported public employee retirement system with the exception of the Social Security Act, as amended".

The nexus between retirement benefits and disability benefits from different tax-supported agencies does not appear in this record. Retirement because of longevity is one thing; retirement because of physical disability is another.

Prior to 1967, the prohibition against the use of annual credits was limited to any other "statutory public school Teachers' Retirement System" and it is thus apparent that it was the intention of our General Assembly that the taxpayers of this State would not be taxed for periods of service which were used by the claimant to obtain a pension from some other Teachers' Retirement System. Likewise presently it would seem equally clear that it was the intention of the General Assembly that a teacher might not use service credits to obtain a pension in this State when that same annual credit was being used by the same teacher to obtain a pension from any other "statutory tax-supported public employee retirement system". It is thus apparent that until and unless the record in this case indicates that this applicant is not within the perimeter of par. 16—127, he is entitled to the pension. In this connection, it is patent that this plaintiff had complied with all of the provisions of the Teachers' Retirement System except to grow old before the amendment. In his application to that system, he stated truthfully that he was drawing another pension from a tax-supported body which was based on physical disability. Under the terms of Title 10, par. 1201, U.S.C.A., the plaintiff's military disability pension may be warranted without the adoption or use of any of his service credits now sought to be used by him for qualification for retirement benefits under the Teachers' Retirement System. Before the latter system may disqualify him, it must first find as a fact that he had been required to use his creditable service

credits to obtain his military disability pension before it could use those same credits to disqualify him under the Teachers' Retirement Act. It is abundantly clear that the General Assembly intended that no one should receive remuneration from two separate statutory tax-supported retirement systems by exhaustion of identical service credits. Having in all other respects, however, qualified for benefits under the Illinois Act, it is not the province of the Teachers' Retirement System to reject or disqualify him unless such disqualification exists as a matter of fact. Neither the system nor the trial court made any such finding and in the absence of such a finding based on facts established in the record, the determination of the system and the order of the trial court approving such determination are orders operating in a vacuum. Accordingly, the judgment of the trial court is reversed and the cause is remanded to that court with directions to remand it to the Teachers' Retirement System Board for a hearing to determine the facts in the case and to grant or deny retirement benefits in accordance with the views herein expressed.

Reversed and remanded.

CRAVEN, P. J. and TRAPP, J., concur.